## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB )<br>  Plaintiff ) <br> ) <br> ) <br>VS. ) <br>MOUSKY SOUPHAPHONE, ROBERT ) <br>ZWEYGARTT, NEW ENGLAND DENTAL ) <br>CENTER AND TOWN OF WINDSOR ) <br>  Defendants ) | CIVIL ACTION:<br>NO.: 3:13-CV-01459(JCH)<br><br><br><br><br><br>DECEMBER 27, 2013 |

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1)

### INTRODUCTION

Plaintiff, Eastern Savings Bank, FSB (hereinafter "Eastern" or "Plaintiff") commenced the instant case in this Court through the filing of a one-count Complaint[1] on or about October 8, 2013, alleging Eastern's right to foreclose upon a mortgage as against the Defendants, Robert Zweygartt and Mousky Souphaphone (hereinafter "Defendant-Homeowners"). Defendant-Homeowners are the mortgagors, Eastern is the mortgagee, and the mortgage is allegedly in default. New England Dental Center is a named Defendant; however, this Motion is only brought on behalf of the Defendant-Homeowners.

---

[1] Plaintiff's sole count is for foreclosure of the mortgage. Plaintiff does not bring any ancillary count sounding in breach of contract or any other legal theory.

**THE HARDESTY LAW FIRM, LLC**

11 Mason's Island Road, 2nd Floor, Mystic, CT 06355 ♦ Telephone (860) 572-1551 ♦ Facsimile (860) 572-1661 ♦ Juris # 405156

This Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1) and seeks dismissal of the action on the grounds that this Court lacks subject matter jurisdiction to adjudicate this controversy because the Superior Court of the State of Connecticut has exclusive jurisdiction over foreclosure actions brought in Connecticut concerning property situated in Connecticut.

## ARGUMENT

### I. Applicable Legal Standard

#### a. Motion to Dismiss, Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may refer to evidence outside the pleadings. *Id*. Evidence concerning the court's jurisdiction "may be presented by affidavit or otherwise." Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Makarova, 201 F.3d at 113; *see also* Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996) ("The burden of proving jurisdiction is on the party asserting it.").

Axiomatically, therefore, once the Defendant objects to a lack of subject matter jurisdiction, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction.  Lujan v. Defenders of Wildlife, 504 U. S. 555, 561 (1992).  To survive a motion to dismiss under Tule 12 (b)(1), a Plaintiff must prove that the Court has jurisdiction to hear the case.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction.").

## II. Analysis of the Instant Case

### a. Plaintiff's Exclusive Remedy is in the Superior Court of Connecticut

The instant action against Defendant-Homeowners was improperly commenced in the United States District Court for the District of Connecticut.  The case must be dismissed pursuant to Fed. R. Civ. P. 12(b) (1) inasmuch as the United States District Court for the District of Connecticut lacks subject matter jurisidiction to adjudicate a foreclosure action concerning real property located in Connecticut.

In Connecticut, the Superior Court exercises exclusive jurisdiction over foreclosure actions.  Conn. Gen. Stat. §51-164.  Furthermore, the Connecticut General Statutes are clear relative to which Courts in Connecticut a foreclosure action is returnable:

"In all actions involving the title to land, for trespass to land and to foreclose or redeem mortgages or liens upon real property, civil process shall be made returnable to the judicial district where the real property is located either entirely or in part…"  Conn. Gen. Stat. §51-345(b).

Thus, the proper forum for this case to be heard is the Superior Court of Connecticut in the Judicial District of Hartford.  The Superior Court of Connecticut is the appropriate forum for foreclosure actions brought in Connecticut.  Not only does it have exclusive jurisdiction over foreclosure actions in Connecticut, but it has established a foreclosure mediation program that distressed homeowners may participate in as part of an effort to pursue loan modifications and comparable loss mitigation programs.

Subject to certain statutory criteria, it is a Defendant-Homeowner's right to participate in the Connecticut mediation program.  The continued exercise of jurisdiction in the United States District Court of Connecticut will deprive the Defendant-Homeowners of that right in this case.  Upon information and belief, the United States District Court for the District of Connecticut does not offer a foreclosure mediation program.  Therefore, if this case proceeds in the United States District Court for the District of Connecticut, the Defendant-Homeowners will be compelled to litigate in a forum other than the forum specified as having exclusive jurisdiction over foreclosure actions in Connecticut and they will be forced to involuntarily forfeit a statutory right afforded to them by the State of Connecticut.

11 Mason's Island Road, 2nd Floor, Mystic, CT 06355 ♦ Telephone (860) 572-1551 ♦ Facsimile (860) 572-1661 ♦ Juris # 405156

## Conclusion

For the foregoing reasons, the Defendants Robert Zweygartt and Mousky Souphaphone respectfully move that this case be dismissed with prejudice for lack of subject matter jurisdiction.

          DEFENDANTS
             MOUSKY SOUPHAPHONE and
             ROBERT ZWEYGARTT

By**:**      /**s**/
          Michael A. Hardesty
          The Hardesty Law Firm, LLC
          11 Mason's Island Road, 2nd Floor
          Mystic, CT 06355
          Tel: 860-572-1551
          Fax: 860-572-1661
          hardestylaw@yahoo.com
          Federal Bar #ct10159

**THE HARDESTY LAW FIRM, LLC**

11 Mason's Island Road, 2nd Floor, Mystic, CT 06355 ♦ Telephone (860) 572-1551 ♦ Facsimile (860) 572-1661 ♦ Juris # 405156

## **CERTIFICATION**

I hereby certify that on December 27, 2013 a copy of the foregoing APPEARANCE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The parties served were:

Attorney Robert Joseph Piscitelli
The Law Offices of Robert M. Meyers LLC
56 E. Main St., PO Box 805
Avon, CT 06001

Attorney Richard A. Vassallo
20 Maple Avenue
Windsor Ct 06095

                                                 _____/s/_____
                                                 Michael A. Hardesty
                                                 The Hardesty Law Firm, LLC
                                                 11 Mason's Island Road, 2nd Floor
                                                 Mystic, CT 06355
                                                 Tel: 860-572-1551
                                                 Fax: 860-572-1661
                                                 hardestylaw@yahoo.com
                                                 Federal Bar #ct10159

THE HARDESTY LAW FIRM, LLC

11 Mason's Island Road, 2nd Floor, Mystic, CT 06355 ♦ Telephone (860) 572-1551 ♦ Facsimile (860) 572-1661 ♦ Juris # 405156