UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN SAVINGS BANK, FSB, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-01459 (JCH) |
| v. | : | |
| | : | |
| SOUPHAPHONE et al., | : | APRIL 9, 2014 |
|     Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (Doc. No. 25)**

**I.    INTRODUCTION**

Defendants, Robert Zweygartt and Mousky Souphaphone ("Homeowners"), move to dismiss the one-count Complaint of the plaintiff, Eastern Savings Bank, FSB ("Eastern"). Defendants' Motion to Dismiss (Doc. No. 25) at 1 ("Defs.' Mot. to Dismiss"). While New England Dental Center is a named defendant in this action, this Motion is solely brought on behalf of the Homeowners. Id. Homeowners contend that Eastern's claim seeking to foreclose upon a mortgage from the Homeowners must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Id. at 2.

For the reasons set forth below, Homeowners' Motion to Dismiss is **DENIED**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On or about December 28, 2005, Homeowners borrowed $154,000.00 from Eastern, executing and delivering to Eastern a promissory note (the "Note") in the original principal amount of $154,000.00. Complaint ("Compl.") at ¶ 6. In order to secure the Note, Homeowners executed and delivered to Eastern a mortgage on the property known as 89 Dudley Town Road, Windsor, Connecticut, where the Homeowners reside. Id. at ¶¶ 4, 7. "The Mortgage was dated December 28, 2005 and

1

recorded December 29, 2005 in Volume 1533 at Page 202 of the Windsor Land Records." Id. Eastern alleges that the Note is in default and that it provided written notice to the Homeowners of their default under the Note and Mortgage. Id. at ¶ 9. Eastern alleges that despite this notice, the Homeowners have failed to cure the default. Id. Eastern has elected to accelerate the unpaid balance due under the Note, declaring the Note to be due in full. Id. at ¶ 10. Eastern further alleges that the amount due on the Note as of September 11, 2013, is $163,549.27.[1] Id. Eastern filed this action seeking to foreclose the mortgage against the Homeowners' property and obtain a deficiency judgment. Id. at ¶ 16.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court dismisses a suit for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In determining whether to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). In assessing a Rule 12(b)(1) motion, a court "may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113 (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.1986)). On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving by a

---

[1] This amount includes interest, pre-acceleration late charges, collection costs, and advancements for taxes and insurance. Compl. at ¶ 10.

2

preponderance of the evidence that subject matter jurisdiction exists.  Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012) (citing Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.2005)).

## IV.  DISCUSSION

Eastern contends that the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  Compl. at ¶ 1.  Eastern alleges that, as a federal savings bank with its home office located in Maryland, it is considered a resident of Maryland pursuant to 12 U.S.C. § 1464(x).[2]  Id. at ¶ 3.  The Homeowners argue that the Connecticut "Superior Court exercises exclusive jurisdiction over foreclosure actions" in Connecticut pursuant to section 51-164[3] of the Connecticut General Statutes; and therefore, the "United States District Court for the District of Connecticut lacks subject matter jurisdiction to adjudicate a foreclosure action concerning real property located in Connecticut."  Defs.' Mot. to Dismiss at 3.

Section 51-164s of the Connecticut General Statutes provides:

> The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. All jurisdiction heretofore conferred upon and exercised by the court of

---

[2] Subsection 1464(x) of title 12 of the United States Code provides that, "[i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office."  12 U.S.C. § 1464(x).

[3] Although the Homeowners cite to section 51-164 of the Connecticut General Statutes in support of their argument that Connecticut superior courts exercise exclusive jurisdiction over foreclosure actions, Defs.' Mot. to Dismiss at 3, there is no section 51-164.  Therefore, the court assumes that the Homeowners are referring to section 51-164s of the Connecticut General Statutes.

>common pleas and the juvenile court prior to July 1, 1978 shall be transferred to the superior court on July 1, 1978.

Conn. Gen. Stat. § 51-164s.  Connecticut case law demonstrates that the legislature's objective in enacting section 51-164s "was 'to combine the trial jurisdiction which [was then] spread between the Superior Court, the Court of Common Pleas and the Juvenile Court into one Court . . . the Superior Court.'" In re Shonna K., 77 Conn. App. 246, 254-55 (2003) (quoting 19 H.R. Proc., Pt. 7, 1976 Sess., p. 2862, remarks of Representative James T. Healey); see also State v. Kelley, 206 Conn. 323, 328 (1988) (stating that section 51-164s "merged the Juvenile Court and the Superior Court in order to maximize the efficiency of scarce judicial resources").  Section 51-164s cannot be, and was not, intended to limit the adjudication of foreclosure actions to the state courts.

Moreover, federal law makes clear that a plaintiff is statutorily permitted to invoke a federal court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  Article III, section 1, of the United States Constitution provides in pertinent part: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  U.S. Const. art. III, § 1.  Under Article III, section 2, authority is extended to the federal courts to hear all "Controversies . . . between Citizens of different States."  U.S. Const. art. III, § 2, cl. 1.  Consequently, because "[o]nly the jurisdiction of the Supreme Court is derived directly from the Constitution," all other courts "created by the general government derive[] . . . jurisdiction wholly from the authority of Congress."  Kline v. Burke Const. Co., 260 U.S. 226, 234 (1922).  Congress "may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution."  Id.

Section 1332(a) clearly confers upon federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States," such that state law cannot divest the federal court of subject matter jurisdiction. 28 U.S.C. § 1332(a)(1). Therefore, contrary to the Homeowners' contentions, this state statute cannot possibly grant exclusive jurisdiction over foreclosure actions in Connecticut to Connecticut state courts to the exclusion of federal diversity jurisdiction.

Despite the Homeowners' argument that, if this case were to proceed in this court, they would be deprived of participation in the foreclosure mediation program offered to homeowners in the Superior Court of Connecticut,[4] Defs.' Mot to Dismiss at 4, the plaintiff has a statutory right to select the forum in which it will seek relief, see 28 U.S.C. § 1332(a)(1). Because the parties are citizens of different states and the amount in controversy unquestionably exceeds $75,000.00, the requirements of section 1332(a)(1) have been satisfied. 28 U.S.C. § 1332(a)(1). Therefore, the court may properly exercise subject matter jurisdiction over the instant action.

## V. CONCLUSION

For the reasons set forth above, the court **DENIES** defendant's Motion to Dismiss.

---

[4] Section 49-31m of the Connecticut General Statutes establishes that each judicial district in Connecticut shall have a foreclosure mediation program, which addresses all issues relating to the foreclosure and is conducted by foreclosure mediators. Conn. Gen. Stat. § 49-31m. However, the mediation program is simply a procedure incident to a state court proceeding and does not create a substantive right. That the federal courts may not "deny substantive rights created by State law . . . does not mean that whatever equitable remedy is available in a State court must be available in a diversity suit in a federal court." Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 105 (1945).

**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of April, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge